IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

P. S. PRODUCTS, INC.,                                                                                   PLAINTIFFS
BILLY PENNINGTON, Individually

v.                                           Civil Action No. 4:22-cv-473(JM)

PANTHER TRADING COMPANY, INC.,                                                         DEFENDANT

### RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND DETERRENCE SANCTIONS

COMES NOW the Plaintiff, P.S. Products, Inc., and Mr. Billy Pennington, individually, hereafter ("PSP,") by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files its Response to the Defendant's Motion for Attorney's Fees Deterrence Sanctions under Rule 11.

### FACTS

The Plaintiffs filed the Complaint in this matter on May 23, 2022. PSP is the owner of 33 patents in the self-defense and personal protection industry. PSP's products that embody these patents are manufactured in China and sold in all fifty states and around the world. PSP exhibits these products at various trade shows in the United States. The Defendant has attended and exhibited at the same trade shows. The Defendant is familiar with the PSP products. The Defendant offers its products for sale on its website www.pantherwholesale.com and can be purchased in all fifty states.

All of PSP's patents are listed on its website www.psproducts.com. PSP is the holder of patent No. US D611,115 S for a stun gun. PSP am the holder of patent No. US D680,188 S for a spiked electrode which is the subject of this litigation. They are two separate patents and do not relate to the other as the Defendants contend. Additionally, the USPTO examiner cited and

reviewed PSP's patent No. US D611,115 S prior to granting PSP its's spiked electrode patent No. US D680,188 S.  No fraud exists.  PSP routinely defends its patents from online infringers and companies as it is the holder of the patent right and protections granted to it by the United States.  PSP nor its attorney does not engage in frivolous or dubious legal actions.  Plaintiff files suit against online retainers and other that infringe on its patents.  There have been many such infringers due to the fact that it is so easy to sell products online.  Additionally, the Plaintiff has more patents in the state of Arkansas than any other person.  This fact cannot be held against the Plaintiff.  Its attorney, Chris Stewart, is a business litigator and not a Plaintiffs' contingency attorney in the traditional sense of legal stereotypes.  In which Defendant's counsel likely contends.

Upon information and belief and prudent investigation the Defendant offered for sale a product that infringed on the PSP patent No. US D680,188 S for a spiked electrode.  Given the fact that this product was offered for sale online it is plausible and probable that this product was purchased by persons in the state of Arkansas.  Additionally, discovery would have revealed such a fact.  However, upon request by the Defendant the Plaintiff dismissed this matter in good faith upon consideration that a Rule 11 action would not be filed.

On June 24, 2022 PSP attorney, Mr. Chris Stewart, received a letter and notice from opposing counsel, Mr. Stephen D. Zinda, stating that if the Complaint was not dismissed by July 15, 2022 he would file a Motion for Rule 11 sanctions against PSP and its attorney.  Please see Exhibit A.  After a consultation with its attorney PSP chose to dismiss the lawsuit to avoid litigating a potential Rule 11 filing.  Please see Dkt. No. 12 and Exhibit B.  PSP and its attorney acted in good faith on Mr. Zinda's request and dismissed the lawsuit with prejudice on Monday, July 11, 2022.  Please see Stewart Declaration and Exhibit C.  Alternatively, and acting in bad faith and

with unclean hands Mr. Zinda filed a motion for attorney's fees and sanctions against PSP and its attorney on August 2, 2022.  Please see Dkt. Nos. 16 and 17.  PSP too had to pay attorney fees in the amount of $12,000 in this matter and it views those costs as a cost of doing business in the marketplace.  This is not an unordinary case or an exceptional case to afford the award of attorney's fees to the Defendant.

In fact, a case in this very district with exactly the same facts was subject to litigation and able to proceed to discovery after the non-resident Defendant was served.  Please see *P.S. Products, Inc., v. Global Sources, LTD, et al*, 4:16-CV-00020(BRW) *(Judge Wilson denied the Defendants' Motion to Dismiss for lack of jurisdiction and venue when the Defendant was a non-resident corporation who had been sued for patent infringement by PSP)*

**ARGUMENT**

35 U.S.C.A. § 285 allows for the award of attorney's fees in "exceptional" cases.  PSP infringement lawsuit against Panther does not constitute an exceptional case since it is not a rare or uncommon case. The facts of the matter are clear and concise, Panther has infringed upon PSP's patent by creating and selling an identical spiked electrode. They are nationally based since they are an online seller, and potentially sold the product within the district.

In many cases Rule 11 and attorney fees are discussed together.  In *Niazi Licensing Corp v. St. Jude Medical S.C. Inc*, St. Jude moved for attorneys' fees and costs on three independent legal bases. First, St. Jude contends that an award of attorneys' fees and costs is warranted as a sanction because NLC violated Rule 11, Fed. R. Civ. P., by failing to undertake a good-faith inquiry into the underlying facts before commencing this lawsuit. Second, St. Jude contends that an award of attorneys' fees is warranted because this in an "exceptional case" under Title 35,

United States Code, Section 285. Third, St. Jude contends that NLC's attorneys should be required to personally satisfy an award of attorneys' fees and costs pursuant to Title 28, United States Code, Section 1927, because NLC engaged in unreasonable and vexatious litigation conduct. The Court addresses each argument in turn. *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.,* No. 17-CV-5096 (WMW/BRT), 2021 WL 4947712 (D. Minn. Oct. 25, 2021)

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.,* No. 17-CV-5096 (WMW/BRT), 2021 WL 4947712 (D. Minn. Oct. 25, 2021)  Even if St. Jude had followed the required Rule 11 procedures, St. Jude has not demonstrated that NLC failed to conduct a reasonable factual inquiry before filing this lawsuit. Early in this litigation, the Court denied St. Jude's motion to dismiss, concluding that NLC plausibly alleged, among other things, indirect infringement of NLC's patent. Although a plaintiff is required to perform a reasonable pre-suit factual inquiry, a plaintiff may initially rely on a "**reasonable expectation that discovery will reveal evidence**" of the alleged activity. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). And although an attorney who files a patent-infringement lawsuit must compare the accused product with the construed patent claims, see Antonious, 275 F.3d at 1073, this Court had yet to construe the disputed claims of NLC's patent when NLC commenced this lawsuit. Moreover, St. Jude does not address NLC's claim-construction positions, let alone demonstrate that those positions were so unreasonable as to warrant sanctions. On this record, St. Jude has not established that NLC lacked a reasonable, good-faith basis to infer that infringement had occurred when NLC commenced this lawsuit or at any time before this Court issued its claim construction order. St. Jude's request for attorneys' fees under Rule 11, Fed. R. Civ. P., is both procedurally and substantively deficient, this aspect of St. Jude's motion is denied.  *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.,* No. 17-CV-5096 (WMW/BRT), 2021 WL 4947712 (D. Minn. Oct. 25, 2021)

In this case *St. Jude* also seeks an award of reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, based on the exceptionality of this case. In the patent-litigation context, a district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional" case under Section 285 is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A prevailing defendant may establish that a case is exceptional by demonstrating that the plaintiff's claim was "exceptionally meritless" or pursed in "subjective bad faith." *Id.* at 555. A district court may determine whether a case is exceptional based on a case-by-case exercise of its discretion, considering the totality of the circumstances. *Id.* at 554. Because there "is no precise rule or formula for making these determinations," a district court's "equitable discretion should be exercised." *Id.* Factors relevant to these determinations include, but are not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). A prevailing party need not meet any specific evidentiary burden to establish that an award of attorneys' fees is warranted under Section 285. *Id.* at 557. Rather, a district court may award attorneys' fees "in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555.

St. Jude did not establish that, when NLC commenced this lawsuit, NLC lacked a reasonable basis to infer that infringement had occurred or that NLC otherwise commenced this lawsuit in bad faith. Nor did St. Jude establish that NLC engaged in objectively unreasonable or

bad-faith litigation conduct *before* the Court issued its claim construction order. In short, nothing in the record demonstrates that NLC's pre-claim-construction conduct was "exceptionally meritless" or pursued in "subjective bad faith" such that an award of attorneys' fees under Section 285 is warranted.

Under *Octane Fitness, LLC v. ICON Health and Fitness, Inc*, Justice Sotomayor, J., held that:1 an "exceptional case," 35 U.S.C.A. § 285 (West) within meaning of the Patent Act's fee-shifting provision, is simply one that stands out from others with respect to the substantive strength of a party's litigating position, considering both the governing law and the facts of the case, or the unreasonable manner in which the case was litigated, abrogating *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, and 2 patent litigants are not required to establish their entitlement to fees by clear and convincing evidence. *Octane Fitness, LLC v. Icon Health & Fitness, Inc*., 570 U.S. 948, 134 S. Ct. 49, 186 L. Ed. 2d 962 (2013)

Panther is attempting to prove that this case is exceptional because it alleges PSP files a lot of lawsuits to get quick settlements. This is not the standard. Panther is attempting to prove that this case is exceptional because it claims that PSP's patent is invalid and based on fraud. This is not the standard nor was there a counter-claim to invalidate PSP's patent and its patent is legal and enforceable. Panther is attempting to prove that this case is exceptional because PSP filed this case in Arkansas. This is not the standard.

There exist legal claims for infringement for a fact-finder pursuant to an ordinary reasonable observer. This lawsuit was not meritless. The Defendant placed in the stream of commerce on its website a product that infringed on the Plaintiff's spiked electrode patent. Please see the figures below.

 

Fig. 1 PSP spiked electrode          Fig. 2 Panthers Infringing spike

PSP is the owner of 33 patents in the self-defense and personal protection industry. PSP's products that embody these patents are manufactured in China and sold in all fifty states and around the world. PSP exhibits these products at various trade shows in the United States. PSP routinely defends its patents from online infringers and companies as it is the holder of the patent right and protections granted to it by the United States. PSP nor its attorney does not engage in frivolous or dubious legal actions. Plaintiff files suit against online retainers and other that infringe on its patents. There have been many such infringers due to the fact that it is so easy to sell products online. Additionally, the Plaintiff has more patents in the state of Arkansas than any other person. This fact cannot be held against the Plaintiff.

PSP is the holder of patent No. US D611,115 S for a stun gun. PSP am the holder of patent No. US D680,188 S for a spiked electrode which is the subject of this litigation. They are two separate patents and do not relate to the other as the Defendants contend. Additionally, the USPTO

examiner cited and reviewed PSP's patent No. US D611,115 S prior to granting PSP its's spiked electrode patent No. US D680,188 S.  No fraud exists.

*[Image of US Design Patent D680,188 S to Pennington, "Long-Spiked Electrode for Stun Device," dated Apr. 16, 2013, with the reference "D611,115 S * 3/2010 Pennington ........ D22/117" circled in red.]*

The image above is PSP's '118 S Patent whereby the patent documents cited were the Plaintiffs prior art and patent.  No fraud exists nor is the patent invalid and unenforceable.

Plaintiff was proper to file this case in Arkansas.  PSP exhibits these products at various trade shows in the United States.  The Defendant has attended and exhibited at the same trade shows.  The Defendant is familiar with the PSP products.  The Defendant offers its products for sale on its website www.pantherwholesale.com and can be purchased in all fifty states.  Given the fact that this product was offered for sale online it is plausible and probable that this product was purchased by persons in the state of Arkansas and affords itself to the jurisdiction of Arkansas.  Additionally, discovery would have revealed such a fact just as in the *St. Jude* matter cited above.

Furthermore, Judge Wilson denied a Defendants' Motion to Dismiss for lack of jurisdiction and venue when the Defendant was a non-resident corporation who had been sued for patent infringement by PSP.  The very same facts present in this case.  Judge Wilson allowed PSP to proceed to discovery after the non-resident Defendant filed a Motion to Dismiss.  Please see *P.S. Products, Inc., v. Global Sources, LTD, et al*, 4:16-CV-00020(BRW).

PSP's lawsuit was not baseless, meritless or made in bad faith.  This matter is not exceptional.  Both parties incurred attorney's fees.  Deterrence sanctions should not be granted.  PSP only dismissed this lawsuit in good faith to avoid Rule 11 sanctions and was shocked when this Motion was filed.

## CONCLUSION

Therefore, Plaintiffs respectfully request that this Court deny the Defendant's Motion for Attorney's Fees and deterrence sanctions.  The Plaintiffs do not oppose a hearing on this matter if the Court deems it appropriate and necessary.

Dated:  August 16, 2022

STEWART LAW FIRM

/s/ Chris Stewart
By: Chris H. Stewart
Ark. Bar No. 03-222
*Attorney for Plaintiff*
204 Executive Court, Ste. 301
Little Rock, AR 72205
Phone: 501-353-1364
Fax:    501-353-1263
Email: arklaw@comcast.net

Case 4:22-cv-00473-JM   Document 18   Filed 08/16/22   Page 10 of 10

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing was electronically delivered via CM/ECF to all attorneys of record including the following:

Steven Zinda
stephen@chzfirm.com

Kevin Crass
crass@fridayfirm.com

By: /s/ Chris H. Stewart
Chris H. Stewart